## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2016, 5:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dale W. Arnett
Winchester, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Janine M. Jackson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 31, 2016 <br><br> Court of Appeals Case No. 68A01-1601-CR-120 <br><br> Appeal from the Randolph Superior Court <br><br> The Honorable Peter D. Haviza, Judge <br><br> Trial Court Cause No. 68D01-1410-CM-544 |

**May, Judge.**

Janine Jackson appeals her conviction of Class B misdemeanor battery.[1] Jackson argues the evidence is insufficient to support her conviction. We affirm.

## Facts and Procedural History

On October 11, 2014, Jeffrey Brenton was mowing his lawn when he noticed a woman he did not know, later identified as Jackson, yelling at him from across the street and "flailing her arms." (Tr. at 6.) Brenton could not determine precisely what Jackson was saying, but he thought she was cursing at him. Brenton continued mowing. Jackson crossed over to Brenton's side of the street, tried to block Brenton's path, and was yelling about her son. Brenton turned his mower around and went the other direction. As Brenton mowed near the house, Jackson "trapped [him] against the house." (*Id*. at 7.) Brenton turned off the mower and pulled out his cell phone. Jackson slapped Brenton on the side of his face.

Brenton called police to report that an intoxicated woman slapped him. Jackson left the scene while Brenton was on the phone with police, and Brenton returned to mowing. The police arrived and spoke to Brenton about what had occurred. While they were talking, Jackson exited a house across the street. Police crossed the street and called for Jackson to stop. When she stopped, she

---

[1] Ind. Code § 35-42-2-1(b)(1) (2014).

turned around and began yelling and cursing at one officer. As another officer approached, Jackson made a fist and told the officers not to touch her. Police believed Jackson was intoxicated due to her slurred speech, watery eyes, and odor of alcohol. After further interaction, Police arrested Jackson.

[4] The State charged Jackson with Class B misdemeanor battery. At trial, Brenton testified to the facts presented above. Jackson testified she had been drinking and had confronted Brenton because he came close to hitting her with his lawnmower. Jackson denied slapping Brenton. Following a bench trial, the court found Jackson guilty and imposed a 180-day suspended sentence. Jackson filed a motion to correct error, which the trial court denied.

# Discussion and Decision

[5] Jackson contends the evidence is insufficient to sustain her conviction of Class B misdemeanor battery.

> When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict." It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." Appellate courts affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." "[T]he

evidence is sufficient if an inference may reasonably be drawn from it to support the verdict."

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (footnote omitted) (citations omitted).

[6] Jackson argues we should reverse her conviction because Brenton's testimony was incredibly dubious. Under this rule, an appellate court may impinge on the fact-finder's responsibility to judge witness credibility, but "only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Stephenson v. State*, 53 N.E.3d 558, 560 (Ind. Ct. App. 2016). Application of this rule is limited to cases where a sole witness testifies and there is a total and complete lack of circumstantial evidence of the appellant's guilt. *Id.*

> Cases where we have found testimony inherently improbable have involved situations either where the facts as alleged "could not have happened as described by the victim and be consistent with the laws of nature or human experience," or where the witness was so equivocal about the act charged that her uncorroborated and coerced testimony "was riddled with doubt about its trustworthiness."

*Carter v. State*, 31 N.E.3d 17, 31 (Ind. Ct. App. 2015) (quoting *Watkins v. State*, 571 N.E.2d 1262, 1265 (Ind. Ct. App. 1991), *aff'd in relevant part,* 575 N.E.2d 624 (Ind. 1991)), *reh'g denied, trans. denied*.

[7]     Jackson alleges two parts of Brenton's testimony at trial contradicted his prior statements.[2] However, the incredible dubiosity rule does not apply to conflicts between multiple statements. *Manuel v. State*, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012). Further, there is no suggestion that Brenton's trial testimony was equivocal, the result of coercion, or "inconsistent with the laws of nature." *See Carter*, 31 N.E.3d at 31 (quoting *Watkins*, 571 N.E.2d at 1265). Therefore, the incredible dubiosity rule does not apply, and we may not reweigh the evidence. *See Stephenson*, 53 N.E.3d at 560.

[8]     Class B misdemeanor battery occurs when a person "knowingly or intentionally . . . touches another person in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1(b)(1) (2014). Brenton testified Jackson was yelling and cursing at him and then she slapped him. The fact-finder believed Brenton's testimony. (*See* App. at 7 (Trial court denied Jackson's motion to correct error because it "finds his testimony regarding being struck by the Defendant to be credible.").) Brenton's testimony was sufficient for a rational fact finder to find Jackson guilty beyond a reasonable doubt. *See Carter v. State*, 754 N.E.2d 877, 880 (Ind. 2001) (uncorroborated testimony of one witness is sufficient to sustain a conviction), *reh'g denied*, *cert. denied sub nom. Carter v. Indiana*, 537 U.S. 831 (2002). Accordingly, we affirm.

---

[2] The police report states Brenton told police he knew who Jackson was, he had trouble with her before, and Jackson hit him several times. Brenton testified he did not know Jackson and she hit him once.

[9] Affirmed.

Kirsch, J., and Crone, J., concur.